**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILLER MARITAL DEDUCTION TRUST, by and through its trustees, Helen Miller and James Morris; HELEN MILLER, an individual, | No. 19-16895 |
| | D.C. No. 2:16-cv-01883-SB |
| Plaintiffs-Appellants, | |
| | MEMORANDUM* |
| v. | |
| ESTATE OF JACK MILLER, an individual, Deceased; ESTATE OF RICHARD CALHOUN, Deceased, ex. rel. Insurance Company of the West, | |
| Defendants-Appellees, | |
| and | |
| ESTATE OF MARK B. DUBOIS, DBA Glo Dry Cleaning System, an individual, Deceased; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Stanley A. Bastian, Chief District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted February 1, 2021[**]
San Francisco, California

Before:  IKUTA and NGUYEN, Circuit Judges, and EATON,[***] Judge.

Miller Marital Deduction Trust (the Trust) and James Morris, the Trust's trustee and Hellen Miller's successor in interest, appeal from the district court's grant of summary judgment for defendants, the estate of Jack Miller and the estate of Richard Calhoun.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the Trust incurred expenses and damages to its property due to the contamination at the Property, which was allegedly caused by the defendants, the Trust suffered a concrete injury, and its complaint presented a live case or controversy ripe for adjudication.  *See Clark v. City of Seattle*, 899 F.3d 802, 808 (9th Cir. 2018).  Given that the Trust sued the relevant defendants only "to the extent of [their] estate's insurance assets," a determination that the insureds lacked coverage for the liability at issue would resolve the case.  Therefore, the district court did not err in deciding the defendants' motions for summary judgment on the coverage issue before reaching the question of the insureds' liability.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

Under California law, the insured under a comprehensive general liability insurance policy "clearly bears the burden of establishing coverage" in insurance coverage actions. *Aydin Corp. v. First State Ins. Co.*, 18 Cal. 4th 1183, 1190 (1998), *as modified on denial of reh'g* (Oct. 14, 1998). As the party seeking payment for damages covered by a deceased's insurance policy, a plaintiff in an action pursuant to sections 550–555 of the California Probate Code also bears the burden of proving coverage. *Escobedo v. Estate of Snider*, 14 Cal. 4th 1214, 1228 (1997). The "sudden and accidental" exception to a pollution exclusion "is properly construed as a coverage provision" for which the party seeking coverage bears the burden of proof. *Aydin Corp.*, 18 Cal. 4th at 1191. Accordingly, the Trust bore the burden of proving the applicability of this exception.

The Trust failed to present evidence beyond mere speculation about any particular sudden and accidental discharge of perchloroethylene. *See State v. Allstate Ins. Co.*, 45 Cal. 4th 1008, 1037 (2009). The record contained no evidence that perchloroethylene was released onto the concrete slab or that the removal of the concrete slab caused a sudden and accidental release of perchloroethylene. The expert witness opinions (even assuming their admissibility) were merely speculative. Therefore, the Trust did not carry its burden "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.*

3

*Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). Because there was no genuine dispute of material facts regarding the applicability of the "sudden and accidental" exception, the district court did not err in granting summary judgment in favor of the defendants.

**AFFIRMED**.